UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LAW OFFICES OF DAMIEN BOSCO,
as Escrow Agent, Damien M. Bosco, Esq.,

                        Plaintiff,           **MEMORANDUM and ORDER**

          - against -                    06-CV-4880 (SLT)(VVP)

HU-DEL WINES AND LIQUOR CO., INC.,
HUBERT S. HORNE, MAXINE D. HORNE,
SUTTER LIQUOR INC., UNITED STATES OF
AMERICA on behalf of the DEPARTMENT OF
TREASURY, INTERNAL REVENUE SERVICE,
the CITY OF NEW YORK on behalf of the
DEPARTMENT OF FINANCE, and the STATE
OF NEW YORK on behalf of WORKERS
COMPENSATION BOARD OF NY,

                        Defendants.
----------------------------------------------------------------X
**TOWNES, United States District Judge:**

        On September 11, 2006, plaintiff Law Offices of Damien Bosco ("Plaintiff") commenced this interpleader action, purportedly pursuant to 28 U.S.C. § 2410, regarding $55,000.00 that Plaintiff held in escrow following a transaction in which defendant Hu-Del Wines and Liquor Co. ("Hu-Del") sold certain assets to defendant Sutter Liquor Inc. ("Sutter"). Pursuant to the escrow agreement, Plaintiff was obligated to hold the money provided by Sutter until Hu-Del provided proof to Sutter that the tax warrants, judgments, and tax liens owed by Hu-Del had been paid. Specifically, the escrow agreement required proof that Hu-Del had paid debts owed to three government agencies, defendants New York City's Department of Finance ("DOF"),

New York State's Workers' Compensation Board ("WCB"), and the Internal Revenue Service ("IRS").[1]

Having obtained proof that the requisite debts had been paid, Plaintiff moved to be discharged from its obligations under the escrow agreement and recover its costs and attorneys' fees related to its role as escrow agent. However, this Court is unable to grant the relief requested because it lacks subject-matter jurisdiction over this action. On January 14, 2008, this Court ordered Plaintiff to file a brief explaining the basis for this Court's jurisdiction by January 30, 2008, but, to date, the Court has not received a response from Plaintiff. Accordingly, the action is dismissed for lack of subject-matter jurisdiction.

## BACKGROUND[2]

On March 3, 2004, the closing date, Hu-Del and Sutter completed their transaction in which Hu-Del sold certain assets to Sutter. At the closing, the parties executed an escrow agreement in which Sutter gave $55,000.00 (the "Fund") to Plaintiff, who served as the escrow agent. Pursuant to the escrow agreement, Plaintiff was to hold the money in escrow until Hu-Del provided proof of payment to Sutter or its attorney regarding specific tax warrants, judgments, and tax liens owed by Hu-Del. In particular, Hu-Del was to demonstrate to Sutter that it had paid debts owed to the DOF, WCB, and IRS, and upon such a showing, Plaintiff was to release the Fund to Hu-Del.

---

[1] Although Plaintiff properly named as defendants the City of New York on behalf of the DOF, the State of New York on behalf of the WCB, and the United States on behalf of the IRS, for ease of reference and clarity, the Court will refer to the agencies rather than to their suable entities.

[2] The following facts are drawn from the all pleadings that have been filed, and the Declaration of Jonathan Mazar, Esq., dated June 1, 2007 ("Mazar Decl."), submitted in support of Plaintiff's motion for an order directing either the distribution or deposit of the funds.

Subsequently, in April 2006, Plaintiff received three Notices of Levy from the IRS that sought to recover any property belonging to Hu-Del because of certain unpaid taxes. By letter dated April 27, 2006, Plaintiff informed the IRS that the money it held in escrow was not yet owed to Hu-Del because it had not satisfied the conditions for receipt of the Fund. Thereafter, on September 11, 2006, Plaintiff filed this interpleader action, seeking a judicial resolution of the IRS's demand for payment from the Fund as well as anticipated demands for payment by the DOF and WCB. In addition to naming the three agencies as defendants, Plaintiff also named Sutter, Hu-Del, and Hu-Del's two shareholders, Mr. and Mrs. Horne.

To date, only Mrs. Horne and the WCB have filed answers to the complaint. Mrs. Horne, now divorced from Mr. Horne, appeared *pro se* and filed a handwritten answer. She essentially disputes the claim that she and Hu-Del have not paid debts owed to the DOF, WCB, and IRS, and attaches proof of payment to the DOF and WCB. She claims to be unable to obtain proof of payment from the IRS because she has issues relating to personal taxes owed to the IRS. She also indicates that the IRS sent the Notices of Levy to Plaintiff because she informed an IRS Revenue Officer handling her personal taxes that Plaintiff was holding money, in escrow, owed to her and Hu-Del. For its part, the WCB, in its answer, claims that a judgment against Hu-Del was docketed in 1988, and that its records indicate that the judgment remains unsatisfied.

A few months after commencing this action, Plaintiff obtained stipulations of settlement from the three agencies, which this Court "so ordered" on February 28, 2007. Each stipulation essentially states that the respective agency has in fact been paid in full by Hu-Del, as demonstrated by some proof of payment, and no longer claims a right to any of the money held

3

in escrow by Plaintiff. In addition, Sutter executed a stipulation of settlement in which it relinquished any right to the money and any further notice of the interpleader action.

On June 26, 2007, Plaintiff moved this Court to issue an order directing that the Funds be deposited with the Court or distributed to a specific party, and awarding reasonable attorneys' fees and costs to it pursuant to the escrow agreement. Subsequently, on January 14, 2008, this Court ordered Plaintiff to file a brief addressing the basis of subject-matter jurisdiction of the Court to distribute the Funds. The Court warned Plaintiff that if it failed to address this issue by January 30, 2008 this action would be dismissed for lack of jurisdiction. To date, Plaintiff has not responded to this Court's directive.

## DISCUSSION

Federal Rule of Civil Procedure 12(h)(3) provides that a court must dismiss an action "at any time that [the court] lacks subject-matter jurisdiction." Federal courts are tribunals of limited jurisdiction, and are deprived of subject-matter jurisdiction in all cases unless there is either a federal question or diversity of citizenship. *Perpetual Secs., Inc., v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002). Moreover, federal courts have an obligation to examine the basis of their jurisdiction. *See FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990), *overruled on other grounds by City of Littleton v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004). As the Second Circuit has stated:

> Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed.

*Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).

Here, Plaintiff has asserted 28 U.S.C. § 2410 as the basis for this Court's jurisdiction. *See* Compl. ¶ 1. Section 2410 states, in relevant part:

> (a) Under the conditions prescribed in this section . . . the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
>
> (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410 (2007). Courts have consistently held that this statute does not itself confer jurisdiction on district courts, but rather only waives sovereign immunity with respect to the actions listed therein. *See Macklin v. U.S.*, 300 F.3d 814, 819 (7th Cir. 2002); *Wells v. Long*, 162 F.2d 842 (C.C.A. 9th Cir. 1947); *Guttman v. U.S.*, 196 F. Supp. 384, 385 (E.D.N.Y. 1961); *Remis v. U.S.*, 172 F. Supp. 732 (D. Mass. 1959) (discussing the legislative history of 28 U.S.C. § 2410) *aff'd*, 273 F.2d 293 (1st Cir. 1960); *see also Black v. City of New York*, No. 99-CV-7999, 2000 WL 235722, at *2-*3 (E.D.N.Y. Feb. 25, 2000). *But see U.S. v. Morrison*, 247 F.2d 285, 290 (5th Cir. 1957) (noting that it stands in the minority by holding that 28 U.S.C. § 2410 does provide jurisdiction); *accord Estate v. Johnson*, 836 F.2d 940, 945 (5th Cir. 1988). Thus, to maintain an action under this statute, the district court must have jurisdiction on some independent ground. *See, e.g., Guttman*, 196 F. Supp. at 385 (noting that the complaint alleges jurisdiction under 28 U.S.C. §§ 1332 and 2201 in addition to § 2410); *Bartell v. Riddell*, 202 F. Supp. 70, 73-74 (S.D.Cal. 1962) (finding that although plaintiff only asserted jurisdiction based on 28 U.S.C. § 2410, jurisdiction could be premised on 28 U.S.C. §§ 2463 and 1340).

Although the burden of proving jurisdiction clearly lies with Plaintiff, *see Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006), this Court must assure itself that no other basis for jurisdiction exists. It is clear that this action lacks diversity jurisdiction since the amount in controversy is only $55,000.00, below the statutory requirement of $75,000.00, and it appears that every party, with the exception of the IRS, is a citizen of New York. As to jurisdiction premised on a federal question, there are two possibilities for bringing an interpleader action in federal court: statutory interpleader, pursuant to 28 U.S.C. § 1335; and rule interpleader, pursuant to Fed. R. Civ. P. 22.

Jurisdiction under statutory interpleader is premised on Plaintiff showing that (1) the property or money sought by the claimants exceeds $500.00 in value; and (2) two or more of the claimants are of diverse citizenship. 28 U.S.C. § 1335(a). Although the amount at issue here exceeds $500.00, as aforesaid, all of the claimants – with the exception of the IRS – are citizens of New York. Thus, plaintiff cannot avail itself of statutory interpleader.

Unlike statutory interpleader, rule interpleader can be premised on jurisdiction arising under a federal question or diversity of citizenship jurisdiction. *See* Fed. R. Civ. P. 22. Thus, to bring a rule interpleader action, Plaintiff must establish that a federal statute or law grants jurisdiction upon the Court, which Plaintiff has failed to do. Although there are federal statutes that grant district courts jurisdiction regarding actions pertaining to tax liens, *see* 28 U.S.C. § 1340, and wrongful levies, *see* 28 U.S.C. § 1346(a)(2), it is clear that Plaintiff's action focuses solely on its obligations under the escrow agreement, which is not a matter that this Court has jurisdiction to adjudicate unless something more is alleged. *See cf. Advantage Title Agency, Inc. v. Rosen*, 297 F. Supp. 2d 536, 539 (E.D.N.Y. 2003) ("[T]he Court finds that diversity is lacking.

. . . Nevertheless, the Court has subject matter jurisdiction [over the interpleader action] because this is an action to enforce four federal tax liens against taxpayer [defendant]."). Accordingly, Plaintiff has failed to meet its burden of establishing subject-matter jurisdiction, and this action must be dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff's action is dismissed for lack of subject-matter jurisdiction. Therefore, the Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

Dated: Brooklyn, New York
February 22, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge